Filed 11/26/13  P. v. BearquiverCA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C073750 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF120306) |
| v. | |
| SONNY JAMES BEARQUIVER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Sonny James Bearquiver has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We find no errors and shall affirm the judgment.

1

## BACKGROUND

On December 25, 2011, defendant Sonny James Bearquiver threatened his girlfriend with death when she told him to move out of her home. She feared that he would harm her. In 1989, defendant was convicted of robbery.

Defendant entered a negotiated plea of no contest to criminal threats (Pen. Code, § 422, count 2) and admitted a strike prior (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) in exchange for a stipulated sentence of four years in state prison and the dismissal of the remaining counts and allegations. The court sentenced defendant accordingly.

Defendant appeals. He did not obtain a certificate of probable cause (Pen. Code, § 1237.5).

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

We note an error in preparation of the abstract of judgment. The abstract erroneously reflects that defendant committed count 2 in 2012. Defendant committed his offense in December 2011. We will direct the trial court to correct the abstract accordingly.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected

2

abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

        DUARTE       , J.

We concur:

     NICHOLSON    , Acting P. J.

      HOCH       , J.

3